**Michael R. FEDOR, Plaintiff,**

v.

**ILLINOIS DEPARTMENT OF EMPLOY-
MENT SECURITY, State of Illinois, Ka-
thy Caruso, and Peggy Seiler, Defen-
dants.**

No. 96 C 3988.

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 31, 1996.

Gregory John Bueche, Wheaton, IL, for
Michael R. Fedor.

Anne Laura Loevy, Illinois Atty. General's
Office, Chicago, IL, for Illinois Dept. of Em-
ployment Sec., State of Ill., Kathy Caruso
and Peggy Seiler.

### MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff, Michael R. Fedor, has filed a five
count complaint against the State of Illinois,
the Illinois Department of Employment Se-
curity ("IDES"), Peggy Seiler ("Seiler"), and
Kathy Caruso ("Caruso"), alleging disability
discrimination and harassment under the
Americans With Disabilities Act ("ADA").
Respondents have filed a motion to dismiss
pursuant to Fed.R.Civ.P. 12(b)(6). For the
reasons set forth below, defendant's motion
is granted in part and denied in part.

### FACTS

Plaintiff was hired for the North Aurora
office by IDES on May 1, 1991. The IDES
administers the state's employment security
program. Plaintiff's responsibilities at IDES
included receiving and processing applica-
tions for employment insurance benefits.

In late January 1994, IDES granted plain-
tiff disability leave because he was suffering
from "adjustment disorder with anxiety and
anxiety disorder." Plaintiff contends that his
disorder was work-related because it wors-
ened when he was subjected to his supervi-
sors' methods of administration, including

confrontation, harassment, and hostility. On February 2, 1995, plaintiff returned to work, allegedly upon IDES' order that he do so in order to keep his employment benefits, including health, dental, and life insurance, pension eligibility, and possibility of promotion.

Prior to plaintiff's return to work, plaintiff's physician submitted a statement to the State of Illinois informing it of plaintiff's medical condition and diagnosis. The statement advised that plaintiff would be better able to perform his job if his tasks were simplified, if he received criticisms and feedback in private, and if he were transferred to another position or location.

Despite this notification, plaintiff claims that, after he returned from disability leave and filed for employment compensation, the harassment and hostility increased. Plaintiff argues that the IDES management at the North Aurora office intentionally created a environment which they knew plaintiff would not be able to tolerate and which would harm plaintiff so that he would eventually resign. Among other alleged abusive acts, plaintiff's supervisors openly criticized him, gave plaintiff responsibilities without proper training, confronted plaintiff for behavior that would be tolerated when done by other employees, and continually reassigned him so that he was unable to settle into a routine. Although plaintiff allegedly told officials outside of the North Aurora office about the problems he was having and requested a transfer, no action was taken. Pursuant to his physician's recommendation, plaintiff resigned on October 23, 1995.

On December 13, 1995, plaintiff filed charges with the Equal Employment Opportunity Commission against IDES for disability discrimination. Plaintiff received a right to sue letter on April 30, 1996. Thereafter, plaintiff filed a five count complaint in this court. Count I, against IDES, and Count II, against the State of Illinois, allege that plaintiff was discriminated against because of his disability in violation of Section 102 of the Americans with Disabilities Act, 42 U.S.C. § 12112 ("ADA"). Count III, against IDES and the State of Illinois, alleges that plaintiff was discriminated against because of his dis-

ability in violation of Section 202 of the ADA, 42 U.S.C. § 12132. Count IV, against Caruso, and Count V, against Seiler, allege that plaintiff was harassed by his supervisors because of his disability in violation of Title I of the ADA, 42 U.S.C. § 12101 et seq. Respondents move to dismiss plaintiff's complaint because: 1) plaintiff's pleadings fail to allege a disability within the meaning of the ADA; 2) respondents Caruso and Seiler are not employers within the ADA; and 3) plaintiff's retaliation claim does not establish a causal link between the adverse employment action and the protected expression.

## DISCUSSION

### I. STANDARD

A motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) does not examine the merits of the case, but rather tests the sufficiency of the complaint. *Triad Assoc., Inc. v. Chicago Housing Authority,* 892 F.2d 583, 586 (7th Cir.1989), *cert. denied,* 498 U.S. 845, 111 S.Ct. 129, 112 L.Ed.2d 97. All factual allegations and reasonable inferences in the plaintiff's favor are accepted as true and viewed in a light most favorable to the plaintiff. *Cornfield v. Consolidated High School District No. 230,* 991 F.2d 1316, 1324 (7th Cir.1993). A motion to dismiss for failure to state a claim will be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

### II. "DISABILITY" UNDER THE ADA

In order for a plaintiff to be within the protected class under the ADA, the plaintiff must have a "disability" as defined by that statute. *Weiler v. Household Finance Corp.,* 101 F.3d 519, 523 (7th Cir.1996); *see also Homeyer v. Stanley Tulchin Assoc.,* 91 F.3d 959, 961 (7th Cir.1996). The ADA (42 U.S.C. § 12102(2)) defines "disability" as:

(A) a physical or mental impairment that substantially limits one or more of the major life activities of an individual;

(B) a record of such an impairment; or

(C) being regarded as having such an impairment.

Although the ADA does not define "major life activities," the Equal Employment Opportunity Commission ("EEOC") regulations interpret the term as including "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and *working*." 29 C.F.R. § 1630.2(i) (Emphasis added.). "Substantially limits" means a person is unable to perform a major life activity or "significantly restricted as to the condition, manner or duration under which [he] can perform a particular major life activity," as compared to the average person in the general population. 29 C.F.R. § 1630.2(j)(1)(i).

█ Respondents argue that plaintiff has pleaded himself out of court because his amended complaint reveals that he does not have a "disability" under the ADA. *See Thomas v. Farley*, 31 F.3d 557, 558–59 (7th Cir.1994) (where a plaintiff pleads particular facts that show that he has no claim, he has pleaded himself out of court). Specifically, plaintiff has admitted that he would have been able to continue his job and perform all of the major functions of his job if his formal request for a transfer had been approved. From this statement, respondents infer that plaintiff's impairment limits only his ability to perform in his particular position at the North Aurora office under particular supervisors. To qualify as a "disability" under the ADA, however, plaintiff's impairment must do more; it must substantially limit his ability to perform a class of jobs or a broad range of jobs in various classes. *Weiler*, 101 F.3d at 523–25 (anxiety and stress caused solely by particular job and supervisor does not amount to "disability"· under ADA); 29 C.F.R. § 1630.2(j)(3)(i).

█ In support of its arguments, respondents cite numerous summary judgment cases where the court looked beyond the pleadings to determine that the plaintiffs were not disabled under the ADA because of their inability to work at particular positions. These cases, however, are not controlling at this stage of the pleadings. Respondents have filed a motion to dismiss under Fed. R.Civ.P. 12(b)(6), not a motion for summary judgment. Accordingly, this court must decide the motion based only on the pleadings. *See Weiler*, 101 F.3d at 524 n. 1. (decision that plaintiff pled facts sufficient to withstand Rule 12(b)(6) motion was not ruling on the merits).

Contrary to respondents' assertions, plaintiff has not alleged that his job and supervisors caused his "adjustment disorder with anxiety and anxiety disorder," nor has plaintiff alleged that his disability would completely disappear were he to have been transferred to another location or position. Rather, plaintiff seems to suggest that, were he to have been transferred, his symptoms would not have been aggravated to the extent they were at the North Aurora office. Based on these observations, plaintiff has not pleaded himself out of court. Respondents' motion to dismiss plaintiff's amended complaint is denied.

█ While not pleading himself out of court, plaintiff has also failed to properly plead himself into court. Plaintiff has specifically alleged that he is disabled because of an "adjustment disorder with anxiety and anxiety disorder." Plaintiff has not, however, alleged that he is disabled within the meaning of the ADA. In order to do this, plaintiff must allege that he is "substantially limited in one or more of his major life activities." 42 U.S.C. § 12102(2). The closest that plaintiff comes to this is stating that his "disability is work related in that the management of IDES' North Aurora office uses confrontation, harassment and hostility as its preferred methods of administration, which exacerbated Fedor's anxiety related disorders and symptoms." Although plaintiff contends that the IDES aggravated his symptoms, he never states that his impairment substantially limits a major life activity such as working, which he must do to plead disability discrimination under the ADA. Accordingly, on its own motion, the court dismisses plaintiff's complaint without prejudice.

### III. CLAIMS AGAINST PLAINTIFF'S SUPERVISORS

█ Respondents have also moved to dismiss Counts VI and V against Caruso and

**894**

Seiler because they are not "employers" within the ADA. Employer is defined by the EEOC as, "a person engaged in an industry affecting commerce who has 15 or more employees, and any agent of such persons." 29 C.F.R. § 1630.2(e)(1). The term "agent" was used to impose respondeat superior liability upon employers for their agents' actions. *U.S. Equal Employment Opportunity Commission v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1281 (7th Cir.1995). Individual liability, however, was never intended. *Id.* Therefore, individuals who do not otherwise meet the "employer" definition are not liable under the ADA. *Id.* at 1282. Caruso and Seiler, as supervisors, do not meet the definition of "employer." Thus, their motion to dismiss with prejudice is granted.

## IV. RETALIATION

Respondents have moved to dismiss plaintiff's retaliation claim because plaintiff failed to establish a causal link between protected expression and an adverse employment action in his allegation. Plaintiff responds, however, that he has not alleged a separate claim of retaliation. Thus, respondents' motion to dismiss this count is denied as moot.

## CONCLUSION

Respondents motion to dismiss Counts IV and V against Caruso and Seiler is granted with prejudice. Respondents' motion to dismiss plaintiff's retaliation claim is denied as moot. Counts I, II, and III are dismissed without prejudice. Plaintiff is granted leave to file an amended complaint consistent with this opinion on or before January 20, 1997; defendant shall respond to the amended complaint on or before February 10, 1997. The status set for December 31, 1996 is vacated, and the matter is set for a report on status on February 13, 1997, at 9:00 a.m., at which time the parties are directed to present a definitive discovery plan.