*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2001 FED App. 0124P (6th Cir.)
File Name:  01a0124p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
     *Plaintiff-Appellant,*

    *v.*

J. H. ROUTH PACKING CO.,
    *Defendant-Appellee.*

No. 99-4482

Appeal from the United States District Court
for the Northern District of Ohio at Toledo.
No.  98-07731—David A. Katz, District Judge.

Argued:  December 5, 2000

Decided and Filed:  April 19, 2001

Before:  MARTIN, Chief Judge; JONES and COLE,
Circuit Judges.

———————————

## COUNSEL

**ARGUED:**  Caren I. Friedman, EQUAL EMPLOYMENT
OPPORTUNITY, Washington, D.C., for Appellant. Thomas
H. Barnard, Jr., ULMER & BERNE, Cleveland, Ohio, for
Appellee. **ON BRIEF:** Robert J. Gregory, OFFICE OF THE

1

GENERAL COUNSEL, Washington, D.C., for Appellant. Thomas H. Barnard, Jr., Bari E. Goggins, ULMER & BERNE, Cleveland, Ohio, John A. Coppeler, FLYNN, PY & KRUSE, Port Clinton, Ohio, for Appellee.

————————

**OPINION**

————————

BOYCE F. MARTIN, JR., Chief Judge.    The Equal Employment Opportunity Commission brought an employment discrimination claim against J. H. Routh Packing Company, pursuant to the Commission's public enforcement authority under the Americans with Disabilities Act, 42 U.S.C. § 12117(a).   The Commission appeals the district court's grant of Routh's motion for judgment on the pleadings.   For the following reasons, we REVERSE and REMAND to the district court for further proceedings.

I.

In 1995, J. H. Routh Packing Company offered Jason Polak a job as a meat cutter/trimmer, contingent upon Polak's passing a physical examination.   As part of this physical examination, Polak completed a health questionnaire and inventory in which he disclosed his history of epilepsy.   He stated in the questionnaire that his epilepsy was controlled by medication and that he had experienced a seizure within the past two months.   When Routh learned of this seizure, it terminated Polak's employment, advising him that he must be seizure-free for at least six months before Routh would consider hiring him again.

Polak has taken medication for his epilepsy since he was a child, and as an adult, Polak has not experienced grand mal seizures.   During the times relevant to this case, Polak experienced petit mal seizures approximately six times per year.   His petit mal seizures last approximately ten to thirty seconds, during which time he is conscious and fully aware of what is happening, although his ability to talk and chew are

IV.

For the foregoing reasons, we REVERSE the district court's grant of the defendant's motion for judgment on the pleadings and REMAND for further proceedings consistent with this opinion.

remain substantially limited." *Id*. at 488; s*ee also id*. at 487-88 (answering dissent's assertion that the majority opinion will exclude from the definition of "disabled" those who take medicine for epilepsy).

Furthermore, determining whether the seizures described in the complaint constitute a disability is not a proper inquiry at the pleadings stage. Here, we must determine only whether the plaintiff "undoubtedly" can prove no set of facts entitling it to relief, and we must accept as true the Commission's statement that "Mr. Polak was a qualified individual with a disability" even while controlling his impairment with medication. The Commission's complaint did not allege facts that were self-defeating to its claim.

### III.

The district court essentially treated the defendant's motion for judgment on the pleadings as a motion for summary judgment,[1] examining the merits of the claims rather than whether they met the minimal requirements of notice pleading: "If Polak's epilepsy is truly uncontrolled, he is not qualified to work on an elevated platform using sharp knives, saws, electric knives and other sharp implements. If Polak's epilepsy is controlled, he is not disabled. . . . Either way, an ADA claim cannot be brought on his behalf in this case." Requiring plaintiffs to include specific allegations in their complaints will create havoc by moving our system past the basic pleading requirements of the Federal Rules. Today, we stand by the Rules and require only "a short and plain statement of the claim," not "technical forms of pleading or motions." Fed. R. Civ. P. 8(a), (e). We find that the Commission's complaint met these liberal requirements, and the district court erred in demanding more.

---

[1] Courts can convert motions for judgment on the pleadings to motions for summary judgment, provided that all parties are "given reasonable opportunity to present all material made pertinent to such a motion." Fed. R. Civ. P. 12(c). Here, however, the district court did not explicitly mention summary judgment.

affected. Prior to these seizures, Polak experiences a warning or "aura," which often allows him to fight off a seizure. If he cannot prevent the seizure, he sits down for approximately one minute until the seizure passes. After resting for a few minutes, Polak is able to continue whatever he was doing prior to the seizure. Polak has held jobs requiring the use of knives, vegetable chunkers, box openers, and sharp instruments, and has never suffered an epilepsy-related injury while working with these instruments.

In December 1998, the Commission filed a complaint under the Americans with Disabilities Act against Routh on behalf of Polak and "all other similarly situated qualified individuals with disabilities." Routh answered the complaint in February 1999. After the Supreme Court held in *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 475 (1999), that "the determination of whether an individual is disabled should be made with reference to measures that mitigate the individual's impairment," Routh moved for judgment on the pleadings. The Commission filed a brief in opposition to the motion, and on October 13, the district court granted Routh's motion. The Commission appeals that decision.

### II.

We review de novo a district court's grant of judgment on the pleadings. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). The standard of review for a judgment on the pleadings is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See id*. We must "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." *Id*. (citing *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir. 1990)).

The Federal Rules of Civil Procedure provide for a liberal system of notice pleading. *See* Fed. R. Civ. P. 8(a). The Rules "do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules

require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *see also Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993); *Vector Research, Inc. v. Howard & Howard Attys. P.C.*, 76 F.3d 692, 697 (6th Cir. 1996).

### A.

The Americans with Disabilities Act defines an individual disability to be one of three things: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). The Commission's complaint alleges that "[a]t all times relevant to the events alleged in this complaint Mr. Polak was a qualified individual with a disability (epilepsy or seizure disorder) who, with or without an accommodation, could perform the essential functions of the job of meat cutter/trimmer for Defendant." Paragraph eleven of the complaint declares that Polak has taken medication for his epilepsy since he was a child, describes the types and frequency of seizures he experiences, and explains the physical effects of his seizures. The district court found these claims insufficient, saying, "Before the EEOC can take its case to a jury, however, it must identify some major life activity . . . in which Polak is substantially limited."

The Commission has promulgated a regulation defining "major life activities" to be "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). Federal jurisprudence is unclear on the necessity of including such a major life activity in a complaint under the Act. Few circuits have addressed the issue, and the district courts that have decided the question have reached inconsistent conclusions.

discriminatory under the Act. The case may eventually prove unsuccessful, but the Commission has at least met the requirements of notice pleading at this stage.

### B.

We must also address the separate pleading issue addressed in *Sutton v. United Air Lines, Inc.*, 527 U.S. 471 (1999), regarding self-defeating pleadings of corrective measures taken by plaintiffs. In the present case, the Commission's complaint stated that "[w]hile completing a health questionnaire and inventory required by Defendant as part of its physical examination, Mr. Polak disclosed that he had a history of epilepsy which was controlled with medication." The complaint also stated that "Mr. Polak has taken medication for his epilepsy since he was a child." Routh argues that these statements are self-defeating to the Commission's claim, based on *Sutton*'s holding that "if a person is taking measures to correct for, or mitigate, a physical or mental impairment, the effects of those measures – both positive and negative – must be taken into account when judging whether that person is 'substantially limited' in a major life activity and thus 'disabled' under the Act." *Sutton*, 527 U.S. at 482.

We conclude that the facts of this case distinguish it from *Sutton*. In *Sutton*, the plaintiffs alleged that "with corrective measures their vision 'is 20/20 or better.'" *Sutton*, 527 U.S. at 481. Here, the Commission's complaint did not affirmatively plead that Polak's epilepsy has been completely eliminated. The complaint stated only that Polak takes medication for epilepsy and that on a questionnaire Polak declared that he controls his epilepsy with medication. Controlling a disability does not necessarily mean removing a disability. In fact, the complaint also describes the frequency and severity of Polak's current seizures, implying that his epilepsy is not "controlled" in the way Routh would have us believe. *Sutton* itself addresses such situations: "[I]ndividuals who take medicine to lessen the symptoms of an impairment so that they can function [may] nevertheless

Because the case law regarding the Act's pleading standards has reached no clear answer, today we clarify what a claimant under the Act is required to allege in her complaint. We hold that so long as the complaint notifies the defendant of the claimed impairment, the substantially limited major life activity need not be specifically identified in the pleading. Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts. "Each averment of a pleading shall be simple, concise, and direct. *No technical forms of pleading or motions are required*." Fed. R. Civ. P. 8(e)(1) (emphasis added).

An accusation of discrimination on the basis of a particular impairment provides the defendant with sufficient notice to begin its defense against the claim. If the defendant cannot adequately affirm or deny whether the impairment falls under the Act's protection, the defendant "shall so state and this has the effect of a denial." Fed. R. Civ. P. 8(b). Additionally, if in a particular case the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement." Fed. R. Civ. P. 12(e). Failure to allege more specifically the major life activity at that stage may fairly result in dismissal of the complaint. *See id*. We note that a plaintiff would be wise to mention her specific limited major life activity, but failing to do so is not fatal to her complaint.

In the present case, we find that the Commission satisfied the pleading requirements that the Federal Rules set forth. Construing the complaint in the light most favorable to the Commission and accepting all of the Commission's factual allegations as true, we conclude that the complaint was sufficient to provide Routh with fair notice of the Commission's claim, even without stating the particular major life activity Polak's epilepsy limits. The Commission's complaint does not cause us to believe that the Commission "undoubtedly can prove no set of facts in support of the claims that would entitle relief." *Grindstaff*, 133 F.3d at 421. The Commission described in detail Polak's disability and the behavior of the defendant that the Commission believes is

The Tenth Circuit issued a confusing statement on the question in *Poindexter v. Atchison, Topeka and Santa Fe Railway Co.*, 168 F.3d 1228, 1232 (10th Cir. 1999):

> [W]e emphasize that in order to state a claim under the [Act], a plaintiff must articulate with precision the impairment alleged and the major life activity affected by that impairment.
>
> This holding does not in any way change the federal notice pleading requirements. A plaintiff has the option of clarifying his or her position at the pleading stage or waiting until trial to prove with particularity the impairment and major life activity he or she asserts are at issue.

Whether plaintiffs in the Tenth Circuit must articulate the impairment and the major life activity "with precision" in the complaint, or whether they retain the option of waiting until trial "to prove with particularity the impairment and major life activity" is unclear. *Poindexter* seems to say both and thus provides us with little guidance.

The Third Circuit touched on the question in *Menkowitz v. Pottstown Memorial Medical Center*, 154 F.3d 113 (3d Cir. 1998). In a footnote, the court addressed the defendant's request to affirm the district court's dismissal on the grounds that the plaintiff was not disabled. *See Menkowitz*, 154 F.3d at 117 n.2. The footnote states:

> [W]e decline to accept the hospital's invitation at this stage of the litigation. Appellant in his complaint states that his disability is 'a disorder recognized as a disability under the' [Act] and the Rehabilitation Act. . . . We find this allegation, which we must accept as true, sufficient to meet the notice pleading requirements of Fed.R.Civ.P. 8 with respect to his disability.

The court found sufficient simply alleging that the disability is recognized under the Act, thereby implicitly including a substantially affected major life activity without requiring it to be pleaded expressly.

The Seventh Circuit also briefly discussed what a plaintiff bringing a discrimination claim under the Act must plead. In *Homeyer v. Stanley Tulchin Associates, Inc.*, 91 F.3d 959, 961 (7th Cir. 1996), the court held:

> The district court recognized that Homeyer's complaint alleged that her physical condition (chronic severe allergic rhinitis and sinusitis) substantially impaired her ability to breathe and that her condition, when aggravated by [smoke], substantially limited her ability to work. With these allegations, it would seem that under the liberal federal notice pleading standards, Homeyer sufficiently pled the initial element of an ADA claim, i.e., that she suffers from a 'disability' as defined in the Act. Homeyer was not required to plead facts or evidence to support her allegations; she was not even required to include a theory of the case. Her complaint was clear enough to inform [the defendant] of her claim.

The court emphasizes the liberalness of notice pleading, but at the same time, the plaintiff in *Homeyer* pled the major life activity that her disability limited, meaning that the court did not directly address what a complaint under the Act must include. In another case, the Seventh Circuit reversed a district court's grant of judgment on the pleadings where the plaintiff stated "quite plainly that he suffers from a psychiatric illness and has been diagnosed as a manic depressive." *Duda v. Board of Education*, 133 F.3d 1054, 1059 (7th Cir. 1998). The plaintiff alleged that the defendant regarded him "as disabled and substantially limited in major life activities." *Id*. The court apparently found sufficient simply alleging that the defendant regarded the plaintiff as substantially limited in major life activities, rather than listing what those major life activities were.

We have been referred to a number of unpublished and non-precedential district court opinions that illustrate the confusion surrounding this issue. For example, the Northern District of Illinois has issued opinions reaching opposite conclusions. *Compare Moore v. Cook County Hospital*, 1997

WL 529550 at *2 (N.D. Ill.) (finding "minimal allegations" in complaint sufficient to survive motion to dismiss "despite her failure to plead explicitly that the alleged disability substantially limits one or more major life activities") *and Andriacchi v. City of Chicago*, 1996 WL 685458 at *2 (N.D. Ill.) (upholding "completely conclusory" complaint because "conclusory statements are sufficient in a complaint as long as they put the defendant on notice of the plaintiff's claim") *with Dikcis v. Indopco, Inc.*, 1997 WL 211218 at *6 (N.D. Ill.), (granting motion to dismiss complaint because plaintiff did not plead "that his depression 'substantially limited' one or more of his 'major life activities'") *and Fedor v. Illinois Department of Employment Security*, 955 F. Supp. 891, 893 (N.D. Ill. 1996) ("[Plaintiff] never states that his impairment substantially limits a major life activity such as working, which he must do to plead disability discrimination under the [Act].").

Other districts have allowed complaints that did not allege a major life activity on the grounds of liberal notice pleading requirements. For example, the court in *Muller v. Costello*, 1996 WL 191977 (N.D.N.Y.) concluded, "Plaintiff alleges his disability to be a respiratory condition. Although plaintiff must ultimately prove that his disability is covered within the meaning of the [Act], the allegations in the complaint are sufficient to survive defendants' motion to dismiss." *Id.* at *4. In *Smallberger v. Federal Realty Investment Trust*, 1999 WL 126919 (E.D. Pa.), the court found "sufficient for the purposes of notice pleading" allegations "that as a result of [the plaintiff's] illness and resulting colectomy, Plaintiff is disabled within the meaning of the [Act] and Defendant perceived Plaintiff as disabled within the meaning of the [Act]." *Id.* at *2. However, another district court reached the opposite conclusion and dismissed a complaint when the plaintiff did not allege both an impairment and a substantial limitation on a major life activity. *See Sacay v. Research Found. of City Univ. of New York*, 44 F. Supp. 2d 496, 501-02 (E.D.N.Y. 1999).