SILER, Circuit Judge.
Plaintiff Robin Huntley alleges she was wrongfully terminated from her position as a Head Start Program teacher’s assistant with Economic Opportunity Planning Association of Greater Toledo (“EOPA”). She followed the internal grievance process as detailed in the Collective Bargaining Agreement (“CBA”) between her union, Ohio Association of Public School Employees (“OAPSE”), and her employer, EOPA. The union decided not to pursue arbitration, and Huntley believes this failure to arbitrate is a violation of the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 411 (“LMRDA”), the CBA, and an Ohio statute. The district court granted judgment on the pleadings in favor of the Defendants. The panel unanimously agrees that oral argument is not needed. See Fed. R.App. P. 34(a). For the reasons that follow, we AFFIRM.
I.
OAPSE and EOPA entered into a CBA that prescribes the way in which EOPA employees must bring complaints such as wrongful termination. The CBA prescribes a four-step process that includes the employee’s discussion of the complaint with his or her supervisor, submission of a formal grievance in writing, and, finally, arbitration. Specifically, the final step provides, “If [the employee and the union are] not satisfied with the written response from the Executive Director, the Union and the aggrieved person may ... submit the grievance to arbitration by giving written notice to the Executive Director.” (emphasis added). According to OAPSE, it decided not to pursue arbitration because it had difficulty contacting Huntley and because, after conducting its own investigation, it determined her claims against EOPA were without merit.
*363 Huntley then commenced this action in federal court against both OAPSE and EOPA, claiming that their failure to arbitrate violates the CBA, the LMRDA, and Ohio Revised Code § 2711.03. She requested an order compelling OAPSE and EOPA to conduct arbitration. The district court granted judgment on the pleadings for Defendants and also denied Huntley’s motion to amend the complaint.
II.
We review the dismissal of a complaint under Federal Rule of Civil Procedure 12(c) de novo. EEOC v. J.H. Routh Packing Co., 246 F.3d 850, 851 (6th Cir.2001).
A.
Defendant OAPSE argues that this appeal should not be heard because Huntley filed a motion for extension of time to file a notice of appeal one day after the notice of appeal was due. A district court may grant an extension of time to file a notice of appeal regardless of whether the motion is filed late, provided the party shows excusable neglect or good cause. Fed. R.App. P. 4(a)(5)(A)(ii). Huntley claims she did not receive notice of the district court’s order granting judgment on the pleadings, and the district court found this to be “good cause for delay.” The district court then gave Huntley until March 31, 2011 to file a notice of appeal, and she filed the notice on March 30, 2011. Thus, the appeal is timely.
B.
The crux of this case centers on Huntley’s allegation that both OAPSE and EOPA violated the LMRDA by failing to arbitrate. The LMRDA does not, however, apply in this case.
First, the LMRDA governs the relationship of labor unions and their members. It applies only to labor unions, not employers. See Thompson v. N.Y. Cent. R.R., 361 F.2d 137, 145 (2d Cir.1966) (“[T]he LMRDA regulates only the relationship between the union and its members and not that between an employer and his employees.”). The district court was correct to dismiss the LMRDA claim against EOPA.
Second, Huntley has also failed to state a claim under the LMRDA against the union because the LMRDA does not provide for the relief Huntley seeks. An action against a union for failure to arbitrate should be brought under the Labor Management Relations Act (“LMRA”), 29 U.S.C. § 185. See Tucker v. Union of Needletrades, Indust. and Textile Emps., 407 F.3d 784, 785-86 (6th Cir.2005). While the LMRDA prohibits a union from hindering a member’s access to courts, the district court correctly noted that “OAPSE did not interfere with Plaintiffs private right to file a claim seeking judicial enforcement of the grievance requirements in this Court.... Under the LMRDA, the protection for limiting the rights of the employee does not extend to submitting cases that arise under the collective bargaining agreement to arbitration.” Thus, Huntley has failed to state a claim under the LMRDA.
C.
Without a statutory federal nexus, Huntley has failed to explain how federal jurisdiction exists for the remaining claims: the contract claim (the CBA claim) and state statutory claim.
Even if federal jurisdiction existed to resolve the CBA claim, the district court was correct to dismiss it because, based on *364 the plain language of the CBA,[1] Huntley cannot compel the union and EOPA to arbitrate. Step four of the grievance process in the CBA provides, “If not satisfied with the written response from the Executive Director, the Union and the aggrieved person may ... submit the grievance to arbitration by giving written notice to the Executive Director.” On its face, arbitration is permissive rather than mandatory. Thus, the CBA claim against OAPSE fails.
The CBA claim against EOPA fails as well. Based on the plain language of the contract, the employer has no duty to participate in arbitration until the union and the employee submit the grievance to arbitration. OAPSE decided not to submit the case to arbitration because it believed Huntley’s claim for wrongful discharge was without merit. Thus, EOPA’s duty to arbitrate (if such a duty existed) was not triggered. Furthermore, Huntley is not a party to the CBA and lacks standing to seek specific performance. An employee is typically considered a third-party beneficiary to a CBA between a union and an employer. See United Food and Commercial Workers Local 951 v. Mulder, 31 F.3d 365, 370 (6th Cir.1994). The complaint does not allege third-party beneficiary status, and Huntley did not brief the standing issue at the district court level or on appeal.
Finally, the complaint alleges a breach of an Ohio Statute, which provides in relevant part:
The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may. petition any court of common pleas having jurisdiction of the party so failing to perform for an order directing that the arbitration proceed in the manner provided for in the written agreement.
Ohio Rev.Code § 2711.03. Putting aside the apparent inapplicability of this statute to any case not in a “court of common pleas,” this is a state law claim, and without the federal statute, the district court could not exercise jurisdiction over it.
D.
The district court was also correct to deny Huntley’s request to amend the complaint. Recognizing that she likely pled a cause of action under the wrong statute, in her response to the Defendants’ motions to dismiss, Huntley sought to amend her complaint to state a claim under the LMRA. A district court should grant a plaintiff leave to amend the complaint “when justice so requires.” Fed. R.Civ.P. 15(a). Leave to amend a complaint should be denied, however, when the amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In this case, an amendment would be futile because the statute of limitations on the suggested LMRA claim has expired.
The statute of limitations for a claim that (1) an employer breached its obligations under the CBA and that (2) a union violated its duty of fair representation by failing to arbitrate, is six months. Schoonover v. Consol. Freightways Corp. of Delaware, 49 F.3d 219, 221-22, n. 1 (6th Cir.1995). The statute of limitations begins to run when the employee discovers, or should have discovered, the acts giving rise to the cause of action. See id. at 222. In this case, the statute of limitations began to run when Huntley became aware that her grievance would not be submitted to arbitration. See id. at 222 n. 1. The *365 district court reasoned that the statute of limitations expired on or about November 30, 2008 — six months after Huntley became aware of her wrongful discharge claim. This is incorrect, however, as Huntley’s complaint in federal court is for failure to arbitrate, not wrongful discharge.
The proper inquiry, therefore, is when did Huntley become aware, or when should she have become aware, that the union would not arbitrate her grievance? Huntley claims she was wrongfully discharged on May 30, 2008. However, it had to be on May 30, 2007, according to all the records. The CBA lays out a specific timeline for the grievance process, including a series of steps an employee must take, with a specific number of days between each step. The complaint alleges that Huntley “timely filed a grievance and has timely performed every measure under the CBA to exhaust her administrative appeals, except for arbitration.” Since Huntley followed the steps outlined in the CBA and now alleges a breach of specific provisions of the CBA, it is reasonable to conclude that she was (or should have been) aware of the timeline contained in the CBA.
According to this timeline, the union had twenty days after the last step to submit the grievance to arbitration. Calculating the number of days for the entire grievance process in the CBA and assuming that each step of the process took the maximum number of allowable days, the union had until late August or early September 2008 to decide whether to arbitrate the grievance. The statute of limitations expired, then, at the latest, in February or March 2009. Huntley did not file her complaint until May 21, 2009. The district court was, therefore, correct to deny Huntley’s motion to amend her complaint.
AFFIRMED.

. The CBA was not attached to the complaint "due to its size,” but Huntley refers to it as if she- had attached it. We will, therefore, consider the CBA as if it had been attached to the complaint.