NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0174n.06

No. 11-2467

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Feb 14, 2013*
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| ANDREW MELLENTINE; DEBRA MELLENTINE, | ) | |
| | ) | |
| *Plaintiffs-Appellants*, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| AMERIQUEST MORTGAGE COMPANY; WM | ) | DISTRICT OF MICHIGAN |
| SPECIALTY MORTGAGE LLC, Without Recourse; | ) | |
| CITI RESIDENTIAL LENDING, INC.; MORTGAGE | ) | O P I N I O N |
| ELECTRONIC REGISTRATION SYSTEMS, INC.; | ) | |
| CHASE HOME FINANCE, LLC; JP MORGAN | ) | |
| CHASE BANK NA; ORLANS ASSOCIATES P.C.; | ) | |
| UNKNOWN LENDERS; | ) | |
| | ) | |
| *Defendants-Appellees*. | ) | |
| | ) | |
| | ) | |

BEFORE:    MOORE and COLE, Circuit Judges; ROSE, District Judge.[*]

COLE, Circuit Judge.  Plaintiffs-Appellants Andrew and Debra Mellentine filed suit against

a number of defendants who, among other things, hold or service a mortgage on their residential

property.  In district court, the case was narrowed to claims under two federal statutes, the Fair Debt

Collection Practices Act ("FDCPA") and the Real Estate Settlement and Procedures Act ("RESPA").

The Mellentines now appeal the district court's grant of Defendants' motions to dismiss under

Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be

---

[*]The Honorable Thomas M. Rose, United States District Judge for the Southern District of
Ohio, sitting by designation.

granted and Rule 12(c) for judgment on the pleadings. For the following reasons, we REVERSE and REMAND in part and AFFIRM in part.

## I. Background

In 2005, the Mellentines purchased a second home, known as the "Otisville property." They applied for and obtained an adjustable rate mortgage for $59,165, secured by their first home, the "Owosso property." The mortgage had an initial interest rate of 11.65%. At closing they also signed an adjustable rate note and mortgage for $206,910, secured by the Otisville property. According to the Mellentines, they were promised a 30-year loan with a fixed interest rate of 6.5% but were informed at closing that the loan rate was adjustable with an initial rate of 12.1%. Ameriquest was initially named as the lender and mortgagee on both loans. The Owosso home was foreclosed and sold at a Sheriff's sale on July 26, 2006.

Ameriquest assigned the Otisville loan to WM Specialty Mortgage LLC ("WM"). In May 2007, the Mellentines defaulted on the Otisville loan and WM initiated foreclosure proceedings on the property. This foreclosure was "inadvertently held," however, and the sheriff's deed was expunged. As a result, Plaintiffs regained ownership of the property. The mortgage for the Otisville Property was then reassigned or sold to Ameriquest, which had been purchased by CitiResidential ("CitiRL").

In July 2008, the Mellentines received a loan modification agreement from CitiRL, and again began making payments on the loan. In December 2008, CitiRL assigned the loan to Mortgage Electronic Registration System, Inc ("MERS"), as nominee for JP Morgan Chase ("JP Morgan"). At some point, Chase Home Finance, LLC ("Chase") became the servicer on the loan.

On March 31, 2010, the Mellentines were once again in default on the Otisville loan. Orlans Associates, P.C. ("Orlans"), a law firm acting on behalf of Chase, sent a letter to the Mellentines notifying them of their default and informing them that Chase was beginning foreclosure proceedings on the property. On March 28, 2010, MERS assigned the mortgage back to CitiRL.

In April 2010, the Mellentines contacted Chase in an effort to receive another loan modification. Having received no response from Chase, in July 2010, Plaintiffs sent Orlans and Chase a Qualified Written Request ("QWR"), as was their right under RESPA. Chase sent a written acknowledgment of the QWR on August 10, 2010, and responded to the QWR on October 1, 2010. The Mellentines discussed a potential loan remodification with Chase and were informed by letter on October 25, 2010, that they did not qualify. Plaintiffs then initiated this action.

In March 2011, the Mellentines filed a complaint in the Circuit Court for the County of Genesee, Michigan, against Ameriquest, Chase, JP Morgan, MERS, CitiRL, Orlans, WM, and "unknown lenders" (collectively "Defendants"). Soon afterwards, they filed their First Amended Complaint, asserting nineteen state and federal law claims against Defendants, upon which this action is based.

On April 1, 2011, Orlans removed the case to the United States District Court for the Eastern District of Michigan. All Defendants consented to the removal. On May 11, 2011, the district court entered an order declining to exercise supplemental jurisdiction and remanding state law claims to the state court. The remaining federal claims were made under the Truth in Lending Act ("TILA"), the Home Ownership and Equity Protection Act ("HOEPA"), RESPA, and the FDCPA.

On April 21, 2011, the district court entered an order allowing Plaintiffs to file a Second Amended Complaint and extending time for Defendants to file responsive pleadings. However, the Second Amended Complaint was never filed with the district court.

In early May 2011, Orlans, Ameriquest, and CitiRL all filed separate motions to dismiss for failure to state a claim under Rule 12(b)(6). The Mellentines filed a single response on May 24, 2011. Chase, JP Morgan, MERS, and WM subsequently filed a combined motion for judgment on the pleadings under Rule 12(c). The Mellentines then filed a response to the Rule 12(c) motion and also moved for judgment on the pleadings themselves. In their response to the motion to dismiss, the Mellentines withdrew their TILA and HOEPA claims, leaving only their RESPA and FDCPA claims at issue.

On October 20, 2011, the district court entered an Opinion and Order granting the motions to dismiss filed by all Defendants, and denying Plaintiffs' motion for judgment on the pleadings, thereby dismissing the case. The Plaintiffs filed a timely appeal.

## II. Standard of Review

Whether the district court properly dismissed a complaint pursuant to Rule 12(b)(6) is a question of law subject to review de novo. *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). The court must construe the complaint in a light most favorable to the plaintiff and accept all factual allegations as true. *Kottmyer*, 436 F.3d at 688. The factual allegations must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, the Rule 12(b)(6) standard requires that a plaintiff provide "enough facts to state a claim to relief that is plausible on its face." *Id*. at 569.

*No. 11-2467*
*Andrew Mellentine, et al. v. Ameriquest Mortgage Company, et al.*

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Bare allegations without a factual context do not create a plausible claim. *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 374 (6th Cir. 2011). A complaint must "contain[] direct or inferential allegations respecting all the material elements under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). The bare assertion of legal conclusions is not enough to constitute a claim for relief. *Id.* at 716.

A ruling on a motion for judgment on the pleadings under Rule 12(c) is generally reviewed under the same standard as a Rule 12(b)(6) motion. *EEOC v. J.H. Routh Packing Co.,* 246 F.3d 850, 851 (6th Cir. 2001).

### III.  FDCPA Claims

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive collection practices are not competitively disadvantaged and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Liability under the FDCPA can only attach to those who meet the statutory definition of a "debt collector."

*A.  Claim Against Orlans*

The Mellentines seek relief against Orlans under the FDCPA. The district court held that a law firm enforcing a security interest in a mortgage could not meet the definition of a "debt collector" under the FDCPA. Since the district court ruled in the instant case, this Court has ruled to the contrary. *Glazer v. Chase Home Finance LLC*, No. 10-3416, 2013 WL 141699, at *5-9 (6th

- 5 -

Cir. Jan. 14, 2013). In *Glazer* we held that "mortgage foreclosure is debt collection under the Act. Lawyers who meet the general definition of a 'debt collector' must comply with the FDCPA when engaged in a mortgage foreclosure. And a lawyer can satisfy that definition if his principal business purpose is mortgage foreclosure or if he 'regularly' performs this function." *Id*. at *9. In light of *Glazer*, we are left only to determine if the Mellentines' complaint is sufficient to allege that Orlans is a debt collector under the FDCPA.

### 1. Adequacy of the Mellentines' Complaint

Orlans argues that even if an enforcer of a security interest may fit under the broader § 1692a(6) definition of a "debt collector," the Mellentines have not pleaded facts sufficient to show that the firm is a "debt collector" under the FDCPA. We disagree.[2]

In their complaint, the Mellentines state that Orlans is a debt collector that specializes in foreclosures and creditor representations. They claim that Orlans held itself out as a debt collector working on behalf of Chase, a lender to whom the Mellentines owed money. The Mellentines furthermore claim that Orlans informed them that a sale date was set for foreclosure on their home and responded to a QWR providing information regarding their mortgage.

To "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556, U.S. at 678 (quoting

---

[2] The district court held that the Mellentines did not state a claim under § 1692f(6). While we reverse the district court opinion on the grounds that as a "debt collector" under § 1692a(6) Orlans may be liable under § 1692 *et seq.* we leave it to the district court to determine which specific FDCPA claims have been asserted. We note, however, that the Mellentines sought relief under § 1692f in their complaint and presume that the district court will consider this issue on remand.

*Twombly*, 550 U.S. at 569.) "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. The complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citations omitted). The Mellentines have adequately met this standard. According to their complaint, Orlans (1) "held itself out as a debt collector," (2) worked on behalf of a company to whom the Mellentines owed a debt, (3) specialized in foreclosures, and (4) had specific information regarding their mortgage debt. These facts, taken together, plausibly plead and give fair notice that Orlans is a "debt collector" under § 1692a(6) of the FDCPA.

### B. Remaining Claims Under the FDCPA

The Mellentines' remaining claims were made under the FDCPA against Chase, JP Morgan, MERS, WM, Ameriquest, and CitiRL. The district court dismissed these claims for failure "to plead any facts as to how or when [Defendants] violated the FDCPA." The court also held that some claims were time-barred. Because the Mellentines have failed to raise these claims on appeal they are waived. *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005).

### IV. RESPA Claims

RESPA was enacted in part to provide "more effective advance disclosure to home buyers and sellers of settlement costs," and in response to "abusive practices" in the "real estate settlement process." 12 U.S.C. § 2601 (a), (b)(1). The Mellentines allege violations of RESPA by Orlans and Chase.

### A. Claim Against Orlans

Issues raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. *Turner*, 412 F.3d at 639. The Mellentines have not sufficiently raised any RESPA claim against Orlans on appeal. *See Vance v. Wade*, 546 F.3d 774, 781 (6th Cir. 2008) ("an issue is deemed forfeited on appeal if it is merely mentioned and not developed") (internal quotations and citations omitted). This Court therefore considers it waived.

### B. Claim Against Chase

The Mellentines appeal the RESPA claim against Chase. The district court dismissed this claim pursuant to Chase's Rule 12(c) motion to dismiss. The court held that the Mellentines failed to plead either actual damages or a pattern or practice of noncompliance as is required to recover under RESPA § 2605(f). We find that the complaint pleads sufficient facts to state a claim under REPSA.

A ruling on a motion for judgment on the pleadings under Rule 12(c) is generally reviewed under the same standard as a Rule 12(b)(6) motion. *J.H. Routh Packing Co.,* 246 F.3d at 851. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," however, it must assert sufficient facts to provide the defendant with "fair notice of what the . . . claim is and the ground upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citations omitted) (second alteration in original). In assessing a motion to dismiss, a Court evaluates whether "the plaintiff plead[ed] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "If a reasonable court can draw the necessary inference from the factual material stated in the complaint,

the plausibility standard has been satisfied." *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012).

The Mellentines have met this standard. They have alleged in their complaint that Chase "sen[t] a signed response that [was] 10 days late" to their QWR. They furthermore alleged "damages in an amount not yet ascertained, to be proven at trial." Section 2605(e) of RESPA sets the response time within which loan servicers must respond to QWRs—60 days at the time the Mellentines are alleged to have sent their request. Because the complaint alleges that Chase submitted its response to the QWR after the statutory time period, the Mellentines' claim sufficiently sets forth facts upon which relief can be granted.

## V. Plaintiffs' Right to Amend Their Complaint

The Mellentines appeal the district court's refusal to grant them leave to amend their complaint under Rule 15(a). The Mellentines did not file a formal motion to amend their complaint with the district court; however, they did include language requesting leave to amend in their response to Defendants' motions to dismiss and in their motion for judgment on the pleadings. The district court never acted on these informal requests.

When a motion for leave to amend is improperly filed and the district court gives no reason for not allowing an amendment, the abuse of discretion standard generally applies. *Pulte Homes, Inc. v. Laborers' Int'l Union of N. Am.,* 684 F.3d 295, 305 (6th Cir. 2011) ("Here, rather than filing a motion for leave to amend, [the plaintiff] buried its request in a footnote in its brief . . . and the district court, in its order dismissing the complaint with prejudice, did not explain why it withheld leave to amend. The lesser standard, abuse of discretion, therefore applies."). In the instant case,

a motion for leave to amend was never properly filed and therefore the abuse of discretion standard applies.

Leave to amend a complaint should be freely given when justice so requires after a responsive pleading has been filed. Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006). It is an abuse of discretion for the district court to deny a plaintiff leave to amend his complaint without any justifying reason. *Foman*, 371 U.S. at 182. When the reasons for denying a motion to amend are readily apparent, however, it is not a per se abuse of discretion for the district court to omit its reasons. *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 970 (6th Cir. 1973). A district court does not abuse its discretion if it denies a plaintiff permission to amend his complaint without reason when the plaintiff has already amended once and then subsequently fails to file a proper motion justifying another amendment. *Pulte Homes*, 648 F.3d at 305; *see also Begala v. PNC Bank Ohio Nat'l Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000) (holding that "the [district] court did not permit Plaintiffs to amend the complaint because they did not [properly] move to do so" and that was not an abuse of discretion).

Although the district court did not respond or grant leave to amend in this case, the Mellentines were previously granted an opportunity to amend of which they failed to take advantage. Furthermore, they did not file a motion requesting such leave. We therefore conclude that the district court did not abuse its discretion in failing to rule on the Mellentines' informal request.

## VI.  Conclusion

For the foregoing reasons, we REVERSE the district court's grant of Defendant Orlans's

Rule 12(b)(6) motion to dismiss with respect to the FDCPA claim and REMAND for proceedings

not inconsistent with this opinion; we REVERSE the district court's grant of Defendant Chase's

Rule 12(c) motion for judgment on the pleadings with respect to the RESPA claim and REMAND

for proceedings not inconsistent with this opinion; and we AFFIRM the grant of Defendants'

remaining motions.